Case No.   **CV 18-689-JFW(JEMx)**                                    Date: March 22, 2018

Title:   Joy Slagel -v- Liberty Mutual Insurance Company, et al.

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                             None Present
   Courtroom Deputy                           Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                           None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER TO REMAND TO STATE COURT [filed 2/23/18; Docket No. 13]

On February 23, 2018, Plaintiff Joy Slagel ("Plaintiff") filed a Motion for an Order to Remand to State Court ("Motion"). On March 5, 2018, Defendant Liberty Mutual Insurance Company ("Liberty Mutual") filed its Opposition. On March 12, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 26, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

On January 26, 2017, Plaintiff filed a Complaint against Liberty Mutual, Ariam Alemseghed ("Alemseghed"), and Leann Lo ("Lo") (collectively, "Defendants") in Los Angeles Superior Court, alleging causes of action for: (1) discrimination on the basis of age in violation of California Fair Employment and Housing Act ("FEHA"); (2) harassment on the basis of age in violation of FEHA; (3) retaliation for complaints of discrimination and/or harassment on the basis of age in violation of FEHA; (4) discrimination on the basis of taking disability leave in violation of FEHA; (5) retaliation for taking disability leave in violation of FEHA; (6) failure to provide reasonable accommodation in violation of FEHA; (7) failure to engage in the interactive process in violation of FEHA; (8) breach of express oral contract not to terminate employment without good cause; (9) breach of implied-in-fact contract not to terminate employment without good cause; (10) wrongful termination in violation of public policy; (11) violation of Labor Code § 1102.5; and (12) intentional infliction of emotional distress. On March 23, 2017, Defendants each filed an Answer to the Complaint.

On January 26, 2018, Liberty Mutual filed a Notice of Removal of Action to the United

States District Court for the Central District of California Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b) Diversity ("Notice of Removal"), alleging that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

In her Motion, Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that this Court does not have diversity jurisdiction because Plaintiff, Alemseghed, and Lo are all citizens of California and the amount in controversy does not exceed $75,000. In its Opposition, Liberty Mutual argues that Alemseghed and Lo have been fraudulently joined and the amount in controversy does exceed $75,000.

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III. Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Liberty Mutual has not met its burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although Plaintiff, Alemseghed, and Lo are all citizens of California, Liberty Mutual contends that Alemseghed and Lo have been fraudulently joined, and, thus, their presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway*

*Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that Liberty Mutual has failed to meet its heavy burden of demonstrating fraudulent joinder.[1] In her Complaint, Plaintiff alleges claims for harassment on the basis of age and intentional infliction of emotional distress against Alemseghed and Lo. Although Liberty Mutual argues that Plaintiff cannot possibly prevail on her claims against Alemseghed and Lo, the Court cannot conclude that Plaintiff has no possibility of prevailing on her claims against Alemseghed and Lo, and Liberty Mutual's argument is better raised in a demurrer or motion to dismiss rather than in a notice of removal or in its Opposition to Plaintiff's Motion. *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"); *see also Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015) (holding that "[u]nlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)"); *Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied. Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress."); *Landucci v. State Farm Insurance Company*, 65 F.Supp. 3d 694, 703 (N.D. Cal. 2014) ("The FEHA specifically makes harassment by an employee unlawful").

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is hereby **REMANDED** to Los Angeles County Superior Court. Plaintiff's request for attorneys' fees and

---

[1] Because the Court concludes that Liberty Mutual has failed to meet its burden of demonstrating fraudulent joinder, the Court need not address Plaintiff's argument that Liberty Mutual failed to demonstrate that the amount in controversy exceeds $75,000.

costs is **DENIED**.

IT IS SO ORDERED.